IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

EJS Properties, LLC,     Case No. 3:04CV7312

    Plaintiff

v.     ORDER

City of Toledo, et al.,

    Defendant

This is a suit for damages arising out of the efforts of Robert McCloskey, a former member of the City Council of Toledo, Ohio, to procure a bribe. McCloskey has since been convicted of state and federal offenses as a result of his misconduct.

Pending is plaintiff's motion for leave under Fed. R. 30(a)(2) to redepose five individuals who were, at the time of McCloskey's crimes, also members of Toledo Council. It appears that the defendants had resisted, if not declined, to reach an accommodation regarding the plaintiff's well-justified desire to redepose these individuals.

Since the filing of the motion, the parties have reached a general accord about plaintiff's request. So the motion shall be denied, without prejudice to the right to renew, in expectation that the redepositions shall proceed without further problem. If not, I trust that I shall be contacted informally to resolve any further disputes about these depositions.

Counsel have agreed informally that the depositions shall last three to four hours; they should understand that I expect that that understanding shall be effectuated. On the other hand, what really

matters is that all pertinent information be uncovered. Truth and Justice are not procured by stopwatch. Thus, I expect that counsel will: 1) act in good faith and professionally with regard to these depositions [and, as well, the further course of this litigation]; and 2) mutually grant each other the courtesy of flexibility and fairness. If less time is needed, more should not be used; if a bit more is needed, it shall be taken.

One final note: it would have been helpful if counsel had let me or my office know that, in essence, there was no longer a meaningful dispute, and the motion was being withdrawn on agreement without prejudice. Just as I expect that counsel will always acts with due thoughtfulness for the time and resources of one another and the litigants, the same consideration should be extended to judicial officers.

In other words, rather than filing a response and reply, counsel would have been better advised to give word that no action was needed on the motion.

It is, therefore,

ORDERED THAT plaintiff's Fed. R. Civ. P. 30(a)(2) motion for leave to conduct redepositions be, and the same hereby is overruled, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge